FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 08, 2017

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PATTI BUTLER,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 1:16-CV-03101-JTR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 15, 24. Attorney D. James Tree represents Patti Butler (Plaintiff); Special Assistant United States Attorney Tina Renee Saladino represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

**JURISDICTION**

Plaintiff filed applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) on July 29, 2010, alleging disability since June

ORDER GRANTING PLAINTIFF'S MOTION . . . - 1

1, 2010, Tr. 96-97, 230-237, due to attention deficit disorder (ADD), posttraumatic stress disorder (PTSD), bipolar disorder, borderline personality disorder, depression, fibromyalgia, and cluster migraines. Tr. 294. The applications were denied initially and upon reconsideration. Tr. 155-162, 165-169. Administrative Law Judge (ALJ) Gene Duncan held a hearing on September 6, 2012 and heard testimony from Plaintiff, vocational expert, Trevor Duncan, and medical expert, Robert Sklaroff, M.D. Tr. 36-78. The ALJ issued an unfavorable decision on December 18, 2012. Tr. 17-35. The Appeals Council denied review on June 26, 2014. Tr. 1-6. Plaintiff filed a complaint with the U.S. District Court, Eastern District of Washington and this Court remanded the case the Commissioner for additional proceedings in May of 2015.[1] Tr. 731-755. The Appeals Council vacated the December 18, 2012 ALJ decision and remanded the case to an ALJ for "further proceedings consistent with the order of the court." Tr. 758.

ALJ M.J. Adams held a hearing on February 29, 2016 and heard testimony from Plaintiff and vocational expert, Daniel McKinney. Tr. 669-705. ALJ Adams issued an unfavorable decision on March 30, 2016. Tr. 17-35. The Appeals Council did not assume jurisdiction under 20 C.F.R. §§ 404.984, 416.1418 and the March 30, 2016 decision became the final decision of the Commissioner, which is

---

[1]The administrative record includes the District Court's Order Granting Plaintiff's Motion for Judgement, *Inter Alia* filed May 22, 2015, Tr. 731-754, but a review of the docket sheet for the case, 1:14-CV-3121-LRS, revealed that an Amended Order Granting Plaintiff's Motion for Judgement, *Inter Alia* was filed May 26, 2015, ECF No. 28 in 1:14-CV-3121-LRS. The Court compared the original order and the amended order and found the changes to be typographical and not substantive. As such, the ALJ's reliance on the original order, and not the amended order, would not result in a substantially different outcome in the ALJ's determination.

appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on May 31, 2016. ECF No. 1, 4.

**STATEMENT OF FACTS**

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 42 years old at the alleged onset date. Tr. 230. She completed her GED in 1990. Tr. 295. She was working as a payee provider for the Department of Social and Health Services at the time of her application. Tr. 294-295. Her work history includes the positions of stocker and clerk. Tr. 295.

**STANDARD OF REVIEW**

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied

in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once the claimant establishes that physical or mental impairments prevent her from engaging in her previous occupations. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs exist in the national economy which the claimant can perform. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISIONS

On December 18, 2012, ALJ Duncan issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date, June 1, 2010. Tr. 22. At step two, the ALJ determined Plaintiff had the severe impairment of fibromyalgia. *Id*. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 26. At step four, the ALJ assessed Plaintiff's residual function capacity (RFC) and determined she could perform a full range of light work with no nonexertional limitations. *Id*. The ALJ then identified Plaintiff's past relevant work as cashier and determined her RFC

allowed her to perform this work. Tr. 29. In the alternative to an unfavorable step four determination, the ALJ found at step five, that, based on Medical-Vocational Rule 202.21, Plaintiff was not disabled. Tr. 29-30. In conclusion, the ALJ found Plaintiff had not been under a disability from June 1, 2010 through the date of his decision, December 18, 2012. Tr. 30.

Upon appeal, the Appeals Council found no reason to review ALJ Duncan's decision. Tr. 1. Therefore, Plaintiff filed a request for review in the U.S. District Court for the Eastern District of Washington. Tr. 731-732. The district court remanded the case back to the Commissioner with the following instructions:

> Although the ALJ erred in finding that Plaintiff does not have "severe" mental impairments, there must still be a determination as to Plaintiff's mental RFC. In making the mental RFC determination, the ALJ will have to accept as true that Plaintiff's mental impairments significantly limit her ability to perform basic work-related activities at least to the extent indicated by the mental health professionals who have examined her (Drs. Strosahl, Cooper and Dougherty). Plaintiff's mental RFC, along with her physical RFC for less than the full range of light work as opined by Drs. Ho and Chau, will have to be presented to a vocational expert who will testify whether Plaintiff's combined mental and physical RFC allows her to perform jobs existing in significant numbers in the national economy.

Tr. 753. On July 16, 2015, the Appeals Council issued an order remanding the case, stating that "the Appeals Council vacates the final decision of the Commissioner of Social Security and remands this case to an Administrative Law Judge for further proceedings consistent with the order of this court." Tr. 758.

On March 30, 2016, ALJ Adams issued a new decision finding Plaintiff was not disabled as defined in the Social Security Act. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 1, 2010. Tr. 649. At step two, the ALJ determined Plaintiff had the following severe impairments: obesity; fibromyalgia; affective disorder; anxiety disorder (including PTSD); left carpal tunnel syndrome, status post release surgery; and left rotator

cuff disorder and thoracic outlet syndrome, status post subacromial decompression. Tr. 650. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 650.

At step four, ALJ Adams assessed Plaintiff's RFC and determined she could perform a range of light work with the following limitations:

> The claimant can occasionally lift and carry 21 to 50 pounds and continuously lift and carry 10 to 20 pounds. She can never lift and carry over 51 pounds. The claimant can sit, stand, or walk for up to two hours each at a time for a total of eight hours per day standing or walking and a total of four hours per day sitting. She can frequently reach with the right, dominant, upper extremity; can occasionally handle, finger, and feel; and can frequently push and pull with the right upper extremity. The claimant can occasionally reach with the left upper extremity and can frequently handle, finger, feel, push or pull. The claimant can frequently use foot controls, bilaterally. She can occasionally climb ramps, stairs, ladders, ropes or scaffolds. She can frequently balance. The claimant can occasionally stoop, kneel crouch, and crawl. The claimant has no environmental limitations. The claimant can perform simple, routine tasks and follow short, simple instructions. She can also understand, remember, and follow complex directions. The claimant can perform work that needs little or no judgement and can perform simple duties that can be learned on the job in a short period of less than thirty days. The claimant can do more complex work that rises to the level of semi-skilled work. The claimant can respond appropriately to supervision, co-workers, and deal with occasional changes in the work environment. The claimant can perform work that requires only occasional exposure to or interaction with the generally public, but this does not preclude one-on-one contact with clients.

Tr. 652-653. The ALJ identified Plaintiff's past relevant work as case aide and concluded that Plaintiff retained the RFC to perform this work. Tr. 659.

In the alternative to an unfavorable decision at step four, ALJ Adams found that at step five, considering Plaintiff's age, education, work experience and RFC,

and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the job of companion. Tr. 660. The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from June 1, 2010, through the date of the ALJ's decision, March 30, 2016. Tr. 661.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends that ALJ Adams erred by (1) failing to follow the remand instructions of the Appeals Council and District Court, (2) failing to properly consider the medical source opinions, (3) finding that Plaintiff had past relevant work, and (4) failing to meet her step five burden.

## DISCUSSION

### A.    Remand Instructions

Plaintiff argues that upon remand, the ALJ violated the law of the case doctrine and the rule of mandate when she failed to follow the District Court's remand instructions. ECF No. 15 at 9-13. Specifically, Plaintiff argues that the ALJ failed to credit as true the opinions of Dr. Strosahl, Dr. Cooper, and Dr. Dougherty regarding her mental RFC, the ALJ failed to make a physical RFC for less than a full range of light work, and the ALJ failed to present the combined mental and physical RFC to a vocational expert. *Id*. at 10.

Both the law of the case doctrine and the rule of mandate apply in social security cases. *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016). "The law of the case doctrine generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case." *Id. citing Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012). The doctrine exists for the purpose of efficiency, and should not be applied when the evidence on remand is substantially different, when the controlling law has changed, or when

applying the doctrine would be unjust. *See Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir. 1991).

"The rule of mandate is similar to, but broader than, the law of the case doctrine." *United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995). The rule of mandate provides that any "district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it." *Hall*, 697 F.3d at 1067. The district court may, however, "decide anything not foreclosed by the mandate." *Id*. But the district court commits "jurisdictional error" if it takes actions that contradict the mandate. *See id*. This is codified in 20 C.F.R. §§ 404.977(b), 416.1477(b): "The administrative law judge shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." Whether an ALJ has obeyed the remand order of an appellate court is a question of law that the district court reviews de novo. *See Sullivan v. Hudson*, 490 U.S. 877, 886 (1989).

### 1. Opinions of Dr. Strosahl, Dr. Cooper, and Dr. Dougherty

The District Court and the Appeals Council instructed ALJ Adams to "accept as true" that Plaintiff's mental health impairments significantly limited her ability to perform basic-work activities at least to the extent that Dr. Strosahl, Dr. Cooper, and Dr. Dougherty opined. Tr. 753. In line with the Appeals Council's remand order, ALJ Adams found that Plaintiff had severe mental health impairments at step two. Tr. 650. Additionally, the ALJ gave significant weight to the opinions of Dr. Dougherty and Dr. Cooper, but "[v]ery little weight" to the opinion of Dr. Strosahl. Tr. 658-659. Plaintiff argues that the ALJ violated the remand order in his rejection of Dr. Strosahl's opinion and in failing to include all the limitations opined by Dr. Cooper. ECF No. 15 at 10-12.

Dr. Dougherty completed a psychological evaluation in September of 2010. Tr. 417-427. He diagnosed her with attention deficit hyper activity disorder

(ADHD), PTSD, depressive disorder, anxiety disorder, rule out somatoform disorder, and rule out symptom exaggeration. Tr. 425. At the end of the evaluation, Dr. Dougherty provided the following medical source statement:

> Mrs. Butler was pleasant and cooperative with me. Her thinking was rational and goal-directed though her responses often tangential. Her social skills appear to be good. She reports being able to function effectively as a care-provider, helping to manage her client's money and helping with his daily activities. She reports being able to concentrate well when not distracted. She should be able to understand, remember and follow both simple and complex directions. She reported having done well in college classes in the past.

Tr. 426-427.

On January 12, 2011, Dr. Strosahl diagnosed Plaintiff with severe PTSD and co-occurring major depression. Tr. 553. Dr. Strosahl stated that Plaintiff was "extremely anxious/fearful particularly around strangers. Depression leads to reduced concentration, forgetfulness and problems with cognitive processing." *Id.* Dr. Strosahl limited Plaintiff to working zero hours per week. *Id.*

Dr. Cooper completed a psychological evaluation on October 30, 2012. Tr. 622-634. Dr. Cooper diagnosed Plaintiff with bipolar II disorder, anxiety disorder, and borderline personality disorder. Tr. 632. Dr. Cooper opined that Plaintiff "would have some problems with change and with maintaining attention and concentration for extended periods of time," noting that these "problems would be more evidence in busy settings in which she has to frequently interact with the general public and to multi-task." *Id.* Dr. Cooper additionally found that while Plaintiff would usually be reliable in responding to normal hazards, she would be "more impulsive" in situations in which she feels there is a direct threat to another person. *Id.* Dr. Cooper found Plaintiff would have problems with supervisors, and "would not have significant problems with coworkers provided that she and they could complete work independently of one another. She would not do well in a

close knit team." Tr. 633. Dr. Cooper also found that Plaintiff "would do best in settings in which she is given some say in determining how best to complete her assigned tasks," she would 'benefit from concrete feedback about specific things she does well," she would "benefit from reassurance that mistakes are not indications of personal failure," and it would be helpful to have "[s]pecific suggestions for performance improvement supported by recognition of improvement." *Id.*

While Plaintiff asserts that the District Court's prior determination instructed the ALJ to credit the opinions as true on remand, this Court finds that the remand instructions were limited to a step two determination regarding whether or not Plaintiff's mental health impairments were severe. Tr. 743,753. ALJ Adams included mental health impairments in her step two determination. Tr. 650. Considering the differences in the three opinions, it was not error for her to then weigh the opinions in forming her RFC. *Andrews*, 53 F.3d at 1039 (The ALJ is responsible for resolving conflicts in medical testimony and ambiguities.).

### 2. Light RFC

ALJ Duncan gave Plaintiff a RFC limiting Plaintiff to a full range of light work as defined by 20 C.F.R. §§ 404.1567(b), 416.967(b). Tr. 26. The District Court than instructed the ALJ on remand to present a physical RFC of less than light work to the vocational expert. Then the Appeals Council remanded the "case to an Administrative Law Judge for further proceedings consistent with the order of this court." Upon remand, ALJ Adams gave Plaintiff a RFC of "light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b)" but placed Plaintiff's occasional lifting and carrying restrictions in the 21 to 50 pound range and continuous lifting and carrying restrictions in the 10 to 20 pounds range. Tr. 652. The regulations define light work as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§
///

404.1567(b), 416.967(b).  As such, the ALJ violated the law of case doctrine.[2]

There was evidence available to ALJ Adams, which was not available to the District Court or the Appeals Council at the time of remand: the physical consultative examination performed by William R. Drenguis, M.D.  Tr. 1072-1083.  *See Merritt*.  932 F.2d at 1320 (The law of the case doctrine should not be applied when the evidence on remand is substantially different, when the controlling law has changed, or when applying the doctrine would be unjust).  However, this examination was inconsistent and of no substance.  Dr. Drenguis stated that Plaintiff's maximum lifting and carry capacity was 20 pounds occasionally and 10 pounds frequently.  Tr. 1076.  On the Medical Source Statement he indicated that Plaintiff could continuously lift and carry up to 20 pounds and occasionally lift and carry 21 to 50 pounds.  Tr. 1078.  The ALJ failed to address these contradictory statements and gave Dr. Drengius's opinion that Plaintiff could occasionally lift and carry 21 to 50 pounds "significant weight".  Tr. 656.  Due to these inconsistencies Dr. Drengius's opinion is unclear and this Court refuses to find the record substantially different on remand.  Therefore, no exception under *Merritt* applies.

As such, the ALJ erred when she gave Plaintiff an RFC that exceeded the light exertional level.

### 3. Hypothetical Presented to Vocational Expert

Plaintiff argues that because the ALJ failed to properly follow the remand order, the hypothetical presented to the vocational expert was inaccurate and had not evidentiary value.  ECF No. 15 at 13.

Testimony from a vocational expert is only valuable to the extent that it is

---

[2]Regardless of her final RFC determination, the ALJ failed to set forth a hypothetical before the Vocational Expert that conformed to the district court and the Appeals Council's instructions.  Tr. 691-698.

supported by substantial evidence. *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). Here, the ALJ erred in forming her RFC determination. As such, a remand is necessary to form a new RFC, meaning that testimony will once again be taken from a vocational expert.

**B.     Psychological Opinions.**

Plaintiff argues that the ALJ erred in the weight she gave to the opinions of Dr. Strosahl and Dr. Cooper. ECF No. 15 at 13-18.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). Likewise, the ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician. *Id.*

When an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons, and when an examining physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" to reject the opinion. *Lester*, 81 F.3d at 830-831. The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer her conclusions, she "must set forth [her] interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-422 (9th Cir. 1988).

///

### 1. Dr. Strosahl

The ALJ gave Dr. Strosahl's opinion "very little weight" because (1) it was inconsistent with his observations, (2) it was conducted to justify a temporary funding for a period of "months" of counseling and medication and (3) it was inconsistent with Plaintiff's activities. Tr. 659.

The ALJ's first reason for rejecting Dr. Strosahl's opinion, that it was inconsistent with his observations, is not legally sufficient. The ALJ cited to Dr. Strosahl's January 24, 2011 treatment note stating that Plaintiff was "doing quite a bit better." Tr. 659 *citing* 482. However, this is not a statement from Dr. Strosahl, but Dr. Strosahl repeating a subjective statement by Plaintiff: "Patti states that she feels she is doing quite a bit better since our last meeting." Tr. 482. As a subjective statement by Plaintiff and not an observation by the provider, this is not substantial evidence to support the ALJ's reason.

The ALJ's second reason, that this opinion was completed for the purpose of obtaining temporary benefits, is not legally sufficient. The purpose for which medical reports are prepared does not provide a legitimate basis for rejecting them. *Lester*, 81 F.3d at 832. Here, Dr. Strosahl's opinion is contained on a Documentation Request for Medical/Disability Condition form from the Department of Social and Health Services (DSHS). Tr. 553-554. The fact that this form was completed to discern if Plaintiff qualified for temporary benefits is not a legally sufficient reason.

The ALJ's third reason for rejecting Dr. Strosahl's opinion, that it was inconsistent with Plaintiff's activities of working with farm animals, providing childcare, and volunteering in the community, is also not legally sufficient. A claimant's testimony about her daily activities may be seen as inconsistent with the presence of a disabling condition. *See Curry v. Sullivan*, 925 F.2d 1127, 1130 (9th Cir. 1990). However, it is unclear how these activities are inconsistent with Dr. Strosahl's opinion that Plaintiff is "extremely anxious/fearful particularly around

strangers. Depression leads to reduced concentration, forgetfulness and problems with cognitive processing." Tr. 553. The ALJ failed to describe how these activates are inconsistent with Plaintiff activities. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (a claimant need not be "utterly incapacitated" to be eligible for benefits).

The ALJ also appeared to tack on the final reason that the opinion was inconsistent with the record as a whole, but this included no discussion. Tr. 659. Therefore, it fails to meet the necessary standard.

### 2. Dr. Cooper.

The ALJ gave "significant weight" to Dr. Cooper's opinion. Tr. 658. However, Plaintiff alleges that the ALJ failed to include all of Dr. Cooper's opinion in her RFC determination. Tr. 15 at 11-12. Specifically, Plaintiff alleges that Dr. Cooper's limitation that Plaintiff would have some problems with supervisors was not represented in the RFC. ECF No. 15 at 11.

Dr. Cooper found that Plaintiff "would not require close supervision if she has a comfortable routine to follow in a setting she enjoys." Tr. 632. Additionally, she found that Plaintiff "would have some problems with supervisors because of her personality traits." Tr. 633. In the RFC determination the ALJ found that Plaintiff could "respond appropriately to supervision." Tr. 653.

The ALJ is required to explain why "significant probative evidence has been rejected." *Vincent v. Heckler*, 739 F.2d 1393, 1394-1395, (9th Cir. 1984). Here, by giving Dr. Cooper's opinion significant weight but not including her opined limitations in the RFC, the ALJ rejected portions of her opinion without explanation, which is an error.

Upon remand, the ALJ will readdress the psychological opinions contained in the record.

### C. Past Relevant Work

Plaintiff argues that the ALJ erred in finding that Plaintiff had past relevant

work because the ALJ failed to consider the business expenses in determining whether the net income from the work for DSHS qualified as substantial gainful activity. ECF No. 14 at 18. Plaintiff argues that this work was previously determined by Social Security to not qualify as SGA due to deductions for business expenses. *Id. citing* Tr. 290. However, the income discussed at Tr. 290 was actually work Plaintiff performed in 2010 after her alleged date of onset. Tr. 287. The ALJ's determination regarding the job of case aide was performed in 2007 and 2008, prior to the alleged date of onset. Tr. 659. Upon remand, the ALJ will readdress the work done for DSHS and determine if it was performed as an employee or as self-employment. Then, the ALJ will determine whether or not the work was performed at substantial gainful activity to determine whether or not the work qualifies as past relevant work.

**D.     Step Five**

Plaintiff asserts that the ALJ erred at step five by failing to meet her burden. ECF No. 15 at 18-19. Specifically, Plaintiff argues that the ALJ's RFC determination limits her to occasional handling and fingering, but the job of case aide requires frequent handling and fingering. *Id*. at 19. Considering the case is being remanded for additional proceedings, the ALJ is to call a vocational expert to testify at the hearing. Should the vocational expert's testimony deviate from the dictionary of occupational titles, he shall provide an explanation for the deviation.

**REMEDY**

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome," *Terry v. Sullivan*, 903 F.2d 1273, 1280

(9th Cir. 1990). *See also Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, neither the ALJ nor Plaintiff's counsel presented a hypothetical to the vocational expert which represented the RFC Plaintiff asserts she has if the evidence she challenged were credited as true. Therefore, this Court must remand this case for additional proceedings. In these additional proceedings, the ALJ will present a hypothetical to the vocational expert that limits Plaintiff to light work as defined by 20 C.F.R. §§ 404.1567(b) and 416.967(b) or less and reweigh the opinions of the psychologists in the record to form a new mental RFC. Should the ALJ find that substantial evidence supports a work restriction outside of the light exertional level, the ALJ shall explain his or her rationale. Likewise, should the ALJ find that the opinions of Dr. Strosahl and Dr. Cooper are either inconsistent or not supported by substantial evidence, he shall provide legally sufficient reasons. The ALJ will also address Plaintiff's work as a case aide and determine if it qualifies as past relevant work. The ALJ shall call a vocational expert to testify at the hearing.

## CONCLUSION

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 24**, is **DENIED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is

**GRANTED, in part**, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

3. Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

DATED September 8, 2017.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE